E-FILED
Monday, 25 September, 2017 02:46:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TOBY GODFREY, | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | )   No. 17-3132 |
| JOHN BALDWIN, et al., | ) |
|    Defendants | ) |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Illinois Department of Corrections Director (IDOC) Director John Baldwin, Warden C. Watson, Sergeant Dannihold and an Unknown John Doe Correctional Officer violated his constitutional rights at Western Illinois Correctional Center. Plaintiff says on April 29, 2017, he was moved to a new cell which had no electrical outlet. Plaintiff says he suffers from a seizure disorder and he needs to keep a fan running in hot conditions to avoid having a seizure. Plaintiff complained to a John Doe Correctional Officer, but the officer refused to move him. However, the officer did notify Sergeant Dannihold at Plaintiff's request. Plaintiff repeated his complaint, but Plaintiff does not explain what reaction he received from

1

the Sergeant or what happened next. Therefore it is unclear if Plaintiff was moved or if he was provided a fan from outside the cell or how long he remained in the cell.

Lastly, Plaintiff says he filed an emergency grievance, but received no response form the Warden.

Plaintiff is apparently alleging the Defendants were deliberately indifferent to his serious medical condition when they denied him the use of a fan for his seizure disorder. As set forth above, the Court will not assume the Defendants took no action, nor whether there was a delay in responding to Plaintiff. However, the Court will allow Plaintiff time to file an amended complaint clarifying this claim. Plaintiff should state what he specifically asked from each Defendant, and how each Defendant responded. In addition, Plaintiff should state how long he was in the cell without an outlet and whether it had any impact on his condition.

Plaintiff also alleges he was housed under inhumane conditions of confinement because he was denied an electrical outlet. Prison officials violate the Eighth Amendment when "they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities,' such as adequate food, clothing, shelter, recreation, and medical care." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed on a claim of deliberate indifference to a condition of confinement, a prisoner must show: (1) a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) prison officials were deliberately indifferent to this state of affairs. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)

2

(quotation marks and citation omitted). Plaintiff alleges his cell was hot, but provides no further information or factual support in order to allege the heat without a fan was a serious deprivation. Instead, Plaintiff's main complaint is his belief that each cell should have an outlet, and his did not. If Plaintiff believes he can state a claim based on inhumane conditions of confinement, he can also clarify this claim in his amended complaint.

Plaintiff is also advised that in order for "a Defendant to be liable under §1983, he or she must have participated directly in the constitutional violation." *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003)**.** The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed pursuant to 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). In addition, a failure to respond to a grievance is not a constitutional violation. *See Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992)(the constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution).

Plaintiff is admonished that his amended complaint must stand complete on its own, must include all claims against all Defendants, and must not make reference to any previous complaint.

Finally, Plaintiff has filed a motion for appointment of counsel.[5]. The Plaintiff has no constitutional or statutory right to the appointment of counsel in this case. In considering the Plaintiff's motion, the Court asks: "(1) has the indigent Plaintiff made a

3

reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence demonstrating he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore, the motion is denied with leave to renew. [5].

The Court notes it is unclear from Plaintiff's complaint whether he fully exhausted his administrative remedies before filing his lawsuit, but exhaustion is an affirmative defense which should be addressed in a motion for summary judgment. *See Jones v Bock,* 549 U.S. 199 (2007).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

2) Plaintiff may file an amended complaint clarifying his claims in compliance with this order. Plaintiff must file his complaint within 21 days or on or before October 16, 2017. If Plaintiff fails to file his amended complaint on or before October 16, 2017, or fails to follow the Court's directions, his case may be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew. [5].

4) Plaintiff's motion for a status update as moot. [9]

5) The Clerk of the Court is to reset an internal merit review deadline within 21 days of this order and provide Plaintiff with a blank complaint form to assist him.

ENTERED this 25th day of September, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE